## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | **CRIMINAL NO.** |
|---|---|---|
| v. | : | **DATE FILED:** |
| **GLORIA BYARS** | : | **VIOLATIONS:** |
| **CARLTON REMBERT** | | **18 U.S.C. § 1349 (conspiracy – 1 count)** |
| **ALESHA MITCHELL** | : | **18 U.S.C. § 1344 (bank fraud – 1 count)** |
| | | **18 U.S.C. § 1343 (wire fraud - 5 counts)** |
| | : | **18 U.S.C. § 1956 (money laundering – 1 count)** |
| | : | **18 U.S.C. § 2 (aiding and abetting)** |
| | | **Notices of forfeiture** |

## INDICTMENT

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

### THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

1.    Citizens Bank was a financial institution, headquartered in Providence, Rhode Island, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 57957.

2.    TD Bank was a financial institution, headquartered in Cherry Hill, New Jersey, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 18409.

3.    SunTrust Bank was a financial institution, headquartered in Atlanta, Georgia, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 867.

1

4.      Wells Fargo was a financial institution, headquartered in San Francisco, California, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 3511.

5.      Bryn Mawr Trust was a financial institution, headquartered in Bryn Mawr, Pennsylvania, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 11866.

6.      Bank of America was a financial institution, headquartered in Charlotte, North Carolina, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 3510.

7.      PNC Bank was a financial institution, headquartered in Pittsburgh, Pennsylvania, the deposits of which were insured by the Federal Deposit Insurance Corporation, FDIC Certificate Number 6384.

8.      Bayport Credit Union was a financial institution, headquartered in Newport News, Virginia, the deposits of which were insured by the National Credit Union Administration, Charter Number 24162.

9.      Police and Fire Federal Credit Union was a financial institution, headquartered in Philadelphia, Pennsylvania, the deposits of which were insured by the National Credit Union Administration, Charter Number 2551.

### Guardianship in Pennsylvania

10.      In Pennsylvania, courts appointed guardians to care for persons who were adjudicated an incapacitated person ("ward") and found unable to care for themselves and/or unable to manage their personal and/or financial affairs. Often these wards were elderly persons with reduced mental faculties who could not physically care for themselves and did not have the

2

mental ability to arrange care for themselves. Often these wards had no family member or other guardian who was able to arrange for their care.

11.     Pennsylvania Courts of Common Pleas, Orphans' Court Division appointed Guardians of the Estate and/or Person for the ward. Court-appointed guardians were required to act in the best interest of their wards.

12.     Court-appointed Guardians of the Estate were entrusted by the court to safeguard and manage the wards' assets including their bank accounts, life insurance policies, retirement/pension accounts, social security income, real estate, and any other property or assets owned by the wards. The guardian was required by law to use the wards' assets exclusively for the benefit of the wards and to avoid conflicts of interest or decisions that benefited the court-appointed guardian. Guardians of the Estate were prohibited from investing the wards' assets in businesses owned or controlled by the guardian and they were not allowed to borrow the wards' funds for their own personal use.

13.     Court-appointed Guardians of the Person, likewise, were required to act in the best interest of the wards. Guardians of the Person were responsible for the care, maintenance, and custody of the ward. Guardians of the Person could be responsible to select a place for the ward to reside. The Guardian of the Person was also responsible to ensure the ward received any required medical or psychological services.

14.     Court-appointed Guardians of the Estate were required to file initial, annual, and final reports of the personal and financial actions taken with respect to the ward.

### Defendant Gloria Byars

15.     From in or about 2008 to in or about October 2016, defendant GLORIA BYARS was employed at Company A located in Havertown, Pennsylvania. Company A was in the

business of caring for wards. Person A, the owner of Company A, was appointed by Pennsylvania courts to be the plenary Guardian of the Estate and Person for numerous incapacitated persons from Delaware County, Philadelphia County, Bucks County, and Lancaster County, Pennsylvania.

16.     Defendant GLORIA BYARS served as office manager for Company A and in that role, she assisted Person A in managing the assets and care for the wards for whom Person A was appointed guardian. As office manager, defendant BYARS also routinely used Person A's signature stamp and had access to the wards' checkbooks and bank accounts.

17.     In or about 2015, while working for Company A, defendant GLORIA BYARS was appointed guardian of the estate for several wards. As guardian of the estate, defendant BYARS had access to the wards' assets, including bank accounts, pensions, social security checks, homes, and their personal property. Defendant BYARS also continued to assist Person A with the management of Person A's wards until her departure from Company A in or about October 2016.

18.     In or about August 2016, defendant GLORIA BYARS created a Pennsylvania corporation she named, Global Guardian Services, LLC ("Global Guardian").

19.     From on or about January 1, 2012 through on or about July 31, 2018, in the Eastern District of Pennsylvania, and elsewhere, defendants

**GLORIA BYARS,**
**CARLTON REMBERT,**
and
**ALESHA MITCHELL**

conspired and agreed together and with other persons known and unknown to the grand jury, to commit bank fraud, that is, knowingly executing and attempting to execute a scheme to defraud

4

multiple financial institutions, including Citizens Bank, TD Bank, SunTrust Bank, Wells Fargo Bank, Bryn Mawr Trust, Bank of America, PNC Bank, Bayport Credit Union, and Police and Fire Federal Credit Union, and to obtain monies owned by and under the custody and control of the financial institutions by means of false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## MANNER AND MEANS

It was part of the conspiracy that:

20.     Defendants GLORIA BYARS, CARLTON REMBERT, and ALESHA MITCHELL fraudulently obtained over $1,231,174 of unauthorized checks from incapacitated wards' bank accounts held at TD Bank, Wells Fargo Bank, Citizens Bank, Police and Fire Federal Credit Union, and other banks, deposited the fraudulently obtained checks into other bank accounts they opened at Citizens Bank, Bryn Mawr Trust, SunTrust Bank, Bank of America, Bayport Credit Union, and PNC Bank, and shared in the proceeds.

*Defendants Opened Bank Accounts for Fake Medical Service Companies*

21.     Defendants GLORIA BYARS, CARLTON REMBERT, and ALESHA MITCHELL, posing as associates of businesses purportedly providing medical services to wards in the Eastern District of Pennsylvania, opened business bank accounts to enrich themselves and defraud the banks into releasing the funds that the defendants stole from the various wards and deposited into the business bank accounts.

22.     Defendant GLORIA BYARS opened business bank accounts for ICU Records & Billing ("ICURB") at Citizens Bank and Bryn Mawr Trust and used those bank accounts to deposit checks that she fraudulently wrote or caused to be written from wards' accounts.

5

23.     Defendant GLORIA BYARS also opened two bank accounts for Global Guardian at Wells Fargo Bank and used those bank accounts to deposit checks that she fraudulently wrote or caused to be written from wards' accounts.

24.     In order to fraudulently obtain the funds from ward accounts, defendant CARLTON REMBERT opened business bank accounts in the name of a shell company, CWR Medical Services, at SunTrust Bank. Defendant REMBERT also opened business bank accounts in the name of a business he previously operated, Grace Home for Children, at SunTrust Bank, Bank of America, Bayport Credit Union, and PNC Bank. Defendant REMBERT used these bank accounts to deposit checks from ward accounts that defendant GLORIA BYARS fraudulently made payable to CWR Medical and Grace Home for Children. CWR Medical and Grace Home for Children performed no services of any kind for Company A's wards or defendant BYARS' wards.

25.     In order to fraudulently obtain the funds from ward accounts, defendant ALESHA MITCHELL opened a business bank account in the name of a shell company, ACC Medical Billing, LLC, at SunTrust Bank and used this bank account to deposit checks from ward accounts that defendant GLORIA BYARS fraudulently made payable to ACC Medical Billing, LLC. ACC Medical performed no services of any kind for Company A's wards or defendant BYARS' wards.

### *Defendants' Theft from Wards' Bank Accounts*

26.     Defendant GLORIA BYARS stole money from the wards' accounts by writing unauthorized checks from the wards' accounts and making the checks payable to ICURB, Global Guardian, ACC Medical Billing, LLC, CWR Medical, and Grace Home for Children.

27.      Defendant GLORIA BYARS made the unauthorized checks payable to ICURB, Global Guardian, ACC Medical Billing, LLC, CWR Medical Services, and Grace Home for Children, to make the transactions appear as legitimate medical expenses incurred by the wards and conceal the thefts.

28.      In order to fraudulently obtain the funds from ward accounts, defendant GLORIA BYARS fraudulently obtained cashier's checks from ward accounts and deposited the cashier's checks into her personal checking accounts at Bryn Mawr Trust.

29.      Defendant GLORIA BYARS used Person A's signature stamp to fraudulently sign the unauthorized checks she wrote from ward accounts appointed to Person A. For the wards for whom the courts had appointed defendant BYARS as guardian, defendant BYARS signed the wards' checks with her own signature.

30.      Defendants CARLTON REMBERT and ALESHA MITCHELL did not provide any services for Company A's wards or defendant GLORIA BYARS' wards. Defendant BYARS knew defendants REMBERT and MITCHELL did not provide any services for Company A's wards or defendant BYARS's wards.

31.      To obtain the stolen funds after depositing the fraudulently obtained checks, defendants GLORIA BYARS, CARLTON REMBERT, and ALESHA MITCHELL withdrew the stolen funds in large amounts of cash.

32.      Defendant ALESHA MITCHELL used $20,000 of the stolen ward funds she received from defendant GLORIA BYARS and obtained a cashier's check from SunTrust Bank she made payable to ICURB. Defendant BYARS deposited the cashier's check into defendant BYARS's ICURB Citizens Bank account. Defendant MITCHELL spent the remainder of the stolen wards' funds left in her SunTrust Bank account on her personal expenses.

7

33.     Defendant CARLTON REMBERT used $20,000 of the stolen ward funds he

received from defendant GLORIA BYARS and obtained a cashier's check from his Bayport

Credit Union account made payable to Global Guardian. Defendant BYARS deposited the

cashier's check into defendant BYARS's Global Guardian Wells Fargo account. Defendant

REMBERT spent the remainder of the stolen wards' money left in his Bayport Credit Union

account on his personal expenses.

34.     To conceal her theft, defendant GLORIA BYARS, routinely failed to report the

complete list of wards' assets to the court and to the wards' heirs.

35.     Defendant GLORIA BYARS used the funds she stole from Person A's and her

own wards to pay for personal vacations, vehicles, and other personal expenditures.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, defendants

GLORIA BYARS, CARLTON REMBERT, and ALESHA MITCHELL, and others known and

unknown to the grand jury, committed the following overt acts, among others, in Philadelphia,

Pennsylvania in the Eastern District of Pennsylvania and elsewhere:

1.     Defendant GLORIA BYARS stole the below listed wards' funds by writing

unauthorized checks from the wards' accounts and made the checks payable to defendant

ALESHA MITCHELL's shell company, ACC Medical Billing, LLC. Defendant MITCHELL

deposited the checks on or about the dates listed below, for the amounts listed below, into her

ACC Medical Billing SunTrust account.

|     | Date      | Ward   | Ward's Bank | Check Amount |
|-----|-----------|--------|-------------|--------------|
| a.  | 7/7/2014  | S.R.   | Wells Fargo | $3,649.00    |
| b.  | 7/17/2014 | M.S.   | Citizens    | $1,246.00    |
| c.  | 8/11/2014 | E.M.S. | Citizens    | $426.80      |

8

| | | | | | |
|---|---|---|---|---|---|
| d. | 8/11/2014 | C.I.P. | Citizens | | $286.40 |
| e. | 3/9/2015 | M.J.L. | Citizens | | $1,470.00 |
| f. | 4/21/2015 | C.J.G. | TD Bank | | $5,000.00 |
| g. | 8/3/2015 | C.W.L. | Wells Fargo | | $2,460.00 |
| h. | 10/14/2015 | C.W.L. | TD Bank | | $45,642.00 |
| i. | 10/23/2015 | M.L.S. | Citizens | | $4,221.00 |
| j. | 12/9/2015 | T.M.R. | Police and Fire Federal Credit Union | | $562.40 |
| k. | 2/11/2016 | C.P.L. | TD Bank | | $3,621.00 |

2.     Defendant GLORIA BYARS stole the below listed wards' funds by writing
unauthorized checks from the wards' accounts and made the checks payable to defendant
CARLTON REMBERT's shell medical companies, CWR Medical and Grace Home for
Children. Defendant REMBERT deposited the fraudulently obtained checks on or about the
dates listed below, for the amounts listed below, into his bank accounts for CWR Medical and
Grace Home for Children.

SunTrust Bank – CWR Medical

| | Date | Ward | Ward's Bank | Check Amount |
|---|---|---|---|---|
| a. | 6/8/2015 | G.H.C. | Citizens | $1,782.40 |
| b. | 6/9/2015 | C.C. | Citizens | $1,620.00 |
| c. | 6/19/2015 | D.R. | Wells Fargo | $342.80 |
| d. | 7/10/2015 | A.C. | Citizens | $2,649.00 |
| e. | 7/15/2015 | M.L.S. | Citizens | $386.00 |
| f. | 7/24/2015 | C.W.L. | Wells Fargo | $16,240.00 |
| g. | 10/26/2015 | M.L.S. | Citizens | $24,502.36 |
| h. | 11/20/2015 | M.L.S. | Citizens | $5,649.00 |
| i. | 12/18/2015 | L.L. | Wells Fargo | $5,240.00 |

Bank of America – Grace Home for Children DBA CWR Medical Services

| | Date | Ward | Ward's Bank | Check Amount |
|---|---|---|---|---|
| j. | 2/11/2016 | C.P.L. | TD Bank | $4,280.00 |
| k. | 2/25/2016 | S.H. | Wells Fargo | $5,262.00 |
| l. | 3/7/2016 | J.S. | Wells Fargo | $3,120.00 |

| m. | 3/7/2016 | M.M. | Wells Fargo | $3,400.00 |
|---|---|---|---|---|
| n. | 3/7/2016 | T.R. | Wells Fargo | $3,180.00 |
| o. | 3/7/2016 | C.W.L. | Wells Fargo | $4,240.00 |
| p. | 3/24/2016 | S.H. | Wells Fargo | $9,862.00 |
| q. | 3/28/2016 | C.W.L. | PNC Bank | $7,426.00 |
| r. | 7/27/2016 | A.S. | Wells Fargo | $17,860.00 |
| s. | 8/11/2016 | T.R. | Wells Fargo | $6,400.00 |
| t. | 8/25/2016 | J.F.C. | Wells Fargo | $14,600 |
| u. | 9/12/2016 | C.P.L. | TD Bank | $16,480.00 |
| v. | 10/24/2016 | A.P.I. | Wells Fargo | $4,341.00 |
| w. | 12/27/16 | F.H. | Citizens | $32,450.00 |
| x. | 2/7/2017 | O.J. | Wells Fargo | $9,246.00 |

## Bayport Credit Union – Grace Home for Children

| | Date | Ward | Ward's Bank | Check Amount |
|---|---|---|---|---|
| y. | 10/26/2016 | V.C.H. | PNC | $37,100 |
| z. | 3/9/2017 | E.S. | Wells Fargo | $25,600.00 |
| aa. | 4/18/17 | F.H. | Wells Fargo | $43,241.00 |
| bb | 7/26/17 | M.M. | Wells Fargo | $46,329.71 |
| cc. | 8/2/2017 | F.H. | Wells Fargo | $121,400 |

## PNC Bank – Grace Home for Children

| | Date | Ward | Ward's Bank | Check Amount |
|---|---|---|---|---|
| dd | 6/15/2016 | J.F.C. | Wells Fargo | $16,452.30 |
| ee. | 6/15/2016 | A.P.I. | Wells Fargo | $4,672.00 |
| ff. | 6/21/2016 | C.W.L. | Wells Fargo | $21,462.00 |

3.     After depositing the fraudulently obtained ward checks into their accounts, defendants CARLTON REMBERT and ALESHA MITCHELL obtained the below-listed cashier's checks made payable to defendant GLORIA BYARS's companies, which defendant BYARS deposited into her ICURB Citizens Bank account and Wells Fargo Bank account on or about the dates listed below.

10

|    | Deposit Date | Payor/Bank | Payee/Bank | Check Amount |
|----|--------------|------------|------------|--------------|
| a. | 10/21/2015 | ACC Medical/SunTrust | ICURB/BMT | $20,000.00 |
| b. | 11/03/2016 | Grace Home for Children/Bayport Credit Union | Global Guardian/Wells Fargo | $20,000.00 |
| c. | 8/15/2017 | Grace Home for Children/Bayport Credit Union | Global Guardian /Wells Fargo | $101,400.00 |

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Bank Fraud Wells Fargo)

## THE GRAND JURY FURTHER CHARGES THAT:

1.      The allegations contained in Paragraphs 4, and 10 through 18 of Count One of

this Indictment are re-alleged and incorporated as if fully set forth herein.

2.      From on or about January 1, 2012, through on or about July 31, 2018, in the

Eastern District of Pennsylvania, and elsewhere defendants

### GLORIA BYARS,
### CARLTON REMBERT,
### and
### ALESHA MITCHELL

knowingly executed, and attempted to execute, and aided and abetted the execution of, a scheme

to obtain monies owned by and under the custody and control of Wells Fargo Bank by means of

false and fraudulent pretenses, representations, and promises.

### THE SCHEME

It was part of the scheme that:

3.      The allegations and manner and means contained in Paragraphs 20 through 35 of

Count One of this Indictment are re-alleged and incorporated as if fully set forth herein.

4.      Defendants GLORIA BYARS, CARLTON REMBERT, and ALESHA

MITCHELL used fraudulently obtained checks written from incapacitated wards' accounts held

at Wells Fargo Bank, to fraudulently obtain over $382,490.81 of the wards' money from the

Wells Fargo Bank and share the proceeds among themselves.

5.      Defendant GLORIA BYARS wrote or caused to be written, the following checks

in the following amounts, from ward accounts held at Wells Fargo Bank. Defendant BYARS

wrote the checks to CWR Medical and Grace Home for Children to make the checks appear as

legitimate expenses for the wards. Defendant BYARS signed the checks and unlawfully used Person A's signature stamp to sign the checks to make the checks appear to be authorized by the wards' guardian. Defendant BYARS knew CWR Medical and Grace Home for Children did not provide any services for the wards. Defendant REMBERT knew he did not provide any services for the wards whose checks he received from defendant BYARS. Defendant CARLTON REMBERT then deposited the below-listed checks he received from defendant BYARS into his CWR Medical and Grace Home for Children bank accounts.

|    | Date       | Ward   | Ward's Bank | Check Amount |
|----|------------|--------|-------------|--------------|
| a. | 6/19/2015  | D.R.   | Wells Fargo | $342.80      |
| b. | 7/24/2015  | C.W.L. | Wells Fargo | $16,240.00   |
| c. | 12/18/2015 | L.L.   | Wells Fargo | $5,240.00    |
| d. | 2/25/2016  | S.H.   | Wells Fargo | $5,262.00    |
| e. | 3/7/2016   | J.S.   | Wells Fargo | $3,120.00    |
| f. | 3/7/2016   | M.M.   | Wells Fargo | $3,400.00    |
| g. | 3/7/2016   | T.R.   | Wells Fargo | $3,180.00    |
| h. | 3/7/2016   | C.W.L. | Wells Fargo | $4,240.00    |
| i. | 3/24/2016  | S.H.   | Wells Fargo | $9,862.00    |
| j. | 7/27/2016  | A.S.   | Wells Fargo | $17,860.00   |
| k. | 8/11/2016  | T.R.   | Wells Fargo | $6,400.00    |
| l. | 8/25/2016  | J.F.C. | Wells Fargo | $14,600      |
| m. | 10/24/2016 | A.P.I. | Wells Fargo | $4,341.00    |
| n. | 2/7/2017   | O.J.   | Wells Fargo | $9,246.00    |
| o. | 3/9/2017   | E.S.   | Wells Fargo | $25,600.00   |
| p. | 4/18/17    | F.H.   | Wells Fargo | $43,241.00   |
| q. | 7/26/17    | M.M.   | Wells Fargo | $46,329.71   |
| r. | 8/2/2017   | F.H.   | Wells Fargo | $121,400.00  |
| s. | 6/15/2016  | J.F.C. | Wells Fargo | $16,452.30   |
| t. | 6/15/2016  | A.P.I. | Wells Fargo | $4,672.00    |
| u. | 6/21/2016  | C.W.L. | Wells Fargo | $21,462.00   |

6.      Defendant GLORIA BYARS wrote or caused to be written, the following checks in the following amounts, from ward accounts held at Wells Fargo Bank. Defendant BYARS wrote the checks to ACC Medical Billing to make the checks appear as legitimate expenses for

13

the wards. Defendant BYARS unlawfully used Person A's signature stamp to sign the checks to make the checks appear authorized by the wards' guardian. Defendant BYARS knew ACC Medical Billing did not provide any services for the wards. Defendant ALESHA MITCHELL knew she did not provide any services for the wards whose checks she received from defendant BYARS. Defendant MITCHELL then deposited the below-listed checks she received from defendant BYARS into her ACC Medical bank account.

| | Date | Ward | Ward's Bank | Check Amount |
|---|---|---|---|---|
| a. | 7/7/2014 | S.R. | Wells Fargo | $3,649.00 |
| b. | 8/3/2015 | C.W.L. | Wells Fargo | $2,460.00 |

7.      On or about August 4, 2017, defendant CARLTON REMBERT obtained a $101,400.00 cashier's check from his Grace Home for Children account at Bayport Credit Union made payable to Global Guardian Services and gave the check to defendant GLORIA BYARS, which was defendant BYARS's portion of the fraud proceeds.

8.      On or about August 15, 2017, defendant GLORIA BYARS deposited her portion of the stolen ward funds, the $101,400 cashier's check she received from defendant CARLTON REMBERT, into her Global Guardian Wells Fargo Bank account (ending in 5251).

All in violation of Title 18, United States Code, Sections 1344 and 2.

14

## COUNTS THREE THROUGH SEVEN
## (Wire Fraud)

### THE GRAND JURY FURTHER CHARGES THAT:

1.      The allegations contained in Paragraphs 1 through 18 of Count One of this

Indictment are re-alleged and incorporated as if fully set forth herein.

2.      From on or about January 1, 2012 through on or about July 31, 2018, in the

Eastern District of Pennsylvania, and elsewhere defendants

### GLORIA BYARS
### and
### CARLTON REMBERT

devised and intended to devise a scheme to defraud multiple incapacitated wards of their assets,

and to obtain money and property by means of false and fraudulent pretenses, representations

and promises.

### MANNER AND MEANS

3.      The allegations and manner and means contained in Paragraphs 20 through 35 and

the Overt Acts of Count One of this Indictment are re-alleged and incorporated as if fully set

forth herein.

4.      In her role as guardian and office manager of Company A, defendant GLORIA

BYARS used her position of trust, to embezzle, misappropriate, and steal funds belonging to

incapacitated persons.

5.      Defendant GLORIA BYARS was required to report all the wards' assets to the

court within ninety days of appointment and annually thereafter. Defendant BYARS routinely

failed to report the complete list of the wards' assets to conceal her theft from the courts and the

wards' heirs.

6.     Defendant GLORIA BYARS stole money from wards by writing unauthorized

checks from the wards' accounts to herself and her codefendants' shell businesses. The following

list of checks were stolen from the wards when defendant BYARS wrote unauthorized checks to

defendant CARLTON REMBERT's shell medical services businesses from the wards' accounts.

Defendant BYARS delivered the unauthorized checks to defendant REMBERT to deposit into

his shell business bank accounts. On or about the dates listed below, in the amounts listed below,

defendants BYARS and REMBERT unlawfully stole money from wards who held their funds in

the bank accounts listed below.

|    | Date | Ward | Ward's Bank | Check Amount |
|----|------|------|-------------|--------------|
| a. | 6/8/2015 | G.H.C. | Citizens | $1,782.40 |
| b. | 6/9/2015 | C.C. | Citizens | $1,620.00 |
| c. | 6/19/2015 | D.R. | Wells Fargo | $342.80 |
| d. | 7/10/2015 | A.C. | Citizens | $2,649.00 |
| e. | 7/15/2015 | M.L.S. | Citizens | $386.00 |
| f. | 7/24/2015 | C.W.L. | Wells Fargo | $16,240.00 |
| g. | 10/26/2015 | M.L.S. | Citizens | $24,502.36 |
| h. | 11/20/2015 | M.L.S. | Citizens | $5,649.00 |
| i. | 12/18/2015 | L.L. | Wells Fargo | $5,240.00 |
| j. | 2/11/2016 | C.P.L. | TD Bank | $4,280.00 |
| k. | 2/25/2016 | S.H. | Wells Fargo | $5,262.00 |
| l. | 3/7/2016 | J.S. | Wells Fargo | $3,120.00 |
| m. | 3/7/2016 | M.M. | Wells Fargo | $3,400.00 |
| n. | 3/7/2016 | T.R. | Wells Fargo | $3,180.00 |
| o. | 3/7/2016 | C.W.L. | Wells Fargo | $4,240.00 |
| p. | 3/24/2016 | S.H. | Wells Fargo | $9,862.00 |
| q. | 3/28/2016 | C.W.L. | PNC Bank | $7,426.00 |
| r. | 7/27/2016 | A.S. | Wells Fargo | $17,860.00 |
| s. | 8/11/2016 | T.R. | Wells Fargo | $6,400.00 |
| t. | 8/25/2016 | J.F.C. | Wells Fargo | $14,600 |
| u. | 9/12/2016 | C.P.L. | TD Bank | $16,480.00 |
| v. | 10/24/2016 | A.P.I. | Wells Fargo | $4,341.00 |
| w. | 12/27/16 | F.H. | Citizens | $32,450.00 |
| x. | 2/7/2017 | O.J. | Wells Fargo | $9,246.00 |
| y. | 10/26/2016 | V.C.H. | PNC | $37,100.00 |
| z. | 3/9/2017 | E.S. | Wells Fargo | $25,600.00 |

| | | | |
|---|---|---|---|
| aa. 4/18/17 | F.H. | Wells Fargo | $43,241.00 |
| bb. 7/26/17 | M.M. | Wells Fargo | $46,329.71 |
| cc. 8/2/2017 | F.H. | Wells Fargo | $121,400.00 |
| dd. 6/15/2016 | J.F.C. | Wells Fargo | $16,452.30 |
| ee. 6/15/2016 | A.P.I. | Wells Fargo | $4,672.00 |
| ff. 6/21/2016 | C.W.L. | Wells Fargo | $21,462.00 |

7.       Defendant GLORIA BYARS also stole from wards by depositing and causing to be deposited into her personal checking account, ICURB, and Global Guardian accounts, numerous checks made payable to the wards.

8.       Defendant GLORIA BYARS used the proceeds of the unauthorized checks she deposited into bank accounts she controlled and caused to be deposited into the bank accounts controlled by defendant CARLTON REMBERT and Alesha Mitchell, for defendant BYARS' own personal purposes and not for expenses related to the care of the wards.

### Theft from C.W.L.

9.       On or about June 18, 2015, C.W.L. was declared incapacitated. Person A was appointed to be her guardian. As office manager for Person A, defendant GLORIA BYARS had access to C.W.L.'s assets and bank accounts. Person A established a ward account at Wells Fargo Bank for C.W.L.; only Person A was authorized to act on C.W.L.'s behalf for the Wells Fargo account.

10.      On or about August 1, 2015, defendant GLORIA BYARS opened a separate unauthorized bank account (ending in 9404) for C.W.L. at TD Bank. Defendant BYARS made herself the only authorized user on the TD Bank account, claiming to have an authorized Power of Attorney for C.W.L.

17

11.     From on or about October 6, 2015, to on or about August 8, 2016, defendant GLORIA BYARS deposited six checks made payable to C.W.L. from third parties, totaling $428,769.80 into the TD Bank account (ending in 9404) that defendant BYARS had fraudulently opened for C.W.L.

12.     Defendant GLORIA BYARS stole the money from C.W.L.'s TD Bank account by writing checks to herself, defendant CARLTON REMBERT's and Alesha Mitchell's shell companies, and ICURB, and by withdrawing large amounts of cash.

13.     On or about May 13, 2015, Person A was appointed to be the guardian of C.G. As office manager for Person A, defendant GLORIA BYARS controlled C.G.'s assets.

14.     When C.G. died in January 2016, C.G.'s heir, P.G., contacted defendant GLORIA BYARS to collect the remaining money that should have been left in C.G.'s estate. Defendant BYARS and P.G. agreed that C.G.'s estate should have had $122,084.36 at the time of C.G.'s death. However, because of defendant BYARS's theft from C.G.'s account, C.G. had little to no money in the account when C.G. died. To conceal her fraud and pay the money owed to P.G., defendant BYARS unlawfully took money from ward C.W.L's TD Bank account in order to pay P.G.

15.     On or about August 11, 2016, defendant GLORIA BYARS obtained a cashier's check for $122,084.36 using funds from C.W.L.'s TD Bank account and made the cashier's check payable to P.G. Defendant BYARS gave the cashier's check to P.G. who deposited the check into P.G.'s Citizens bank account.

## *Theft from T.R.*

16.     Defendant GLORIA BYARS was appointed to be the guardian for T.R. On or about December 2, 2015, defendant BYARS unlawfully withdrew $131,537.40 from T.R.'s

Washington Savings Bank account (ending in 2687) and obtained a cashier's check for $131,537.40. On or about December 2, 2015, defendant BYARS deposited the fraudulently obtained $131,537.40 cashier's check into defendant BYARS's personal Bryn Mawr Trust bank account (ending 3673).

17.     T.R. owned Krugerrand gold coins, which T.R. placed into a safe deposit box at Police and Fire Federal Credit Union. On or about December 11, 2015, acting as T.R.'s guardian, defendant GLORIA BYARS had Police and Fire Federal Credit Union drill open T.R.'s safe deposit box. Defendant BYARS stole multiple Krugerrand gold coins from T.R.'s safe deposit box and did not report T.R.'s gold coins to the court.

18.     On or about December 11, 2015, the same day Police and Fire Federal Credit Union drilled open T.R.'s safe deposit box, defendant GLORIA BYARS sold 20 of T.R.'s Krugerrand gold coins and other coins. Defendant BYARS received $21,200 for the Krugerrand coins and a check totaling $26,837 for all the coins she sold. Defendant BYARS deposited the $26,837 check into defendant BYARS's personal Bryn Mawr Trust bank account.

### Theft from F.H.

19.     In or about May 2016, defendant GLORIA BYARS was named guardian for F.H., a retired federal employee.

20.     On or about March 17, 2017, F.H.'s Thrift Savings Plan ("TSP") retirement balance was $756,350. Defendant GLORIA BYARS withdrew and caused to be withdrawn, all the money in F.H.'s TSP account. After taxes were withheld, TSP wired $605,080.35 into F.H.'s Citizens Bank account (ending in 1831).

21.     On or about March 22, 2017, defendant GLORIA BYARS withdrew $400,000 from F.H.'s Citizens Bank account (ending in 1831), obtained a cashier's check and deposited the $400,000 check into her Global Guardian account (ending in 5251).

22.     On or about January 25, 2017, defendant GLORIA BYARS withdrew $167,000 from F.H.'s Citizens Bank account (ending 1831).

23.     From on or about December 21, 2016 to on or about July 31, 2017, defendant GLORIA BYARS wrote checks from F.H.'s Citizens Bank account to CWR Medical and Grace Home for Children totaling $197,091. From on or about December 27, 2016 to on or about August 2, 2017, defendant CARLTON REMBERT then deposited the checks into his Bank of America Grace Home for Children account (ending 1617) and his Bayport Credit Union Grace Home for Children account (ending 0732).

24.     Defendant CARLTON REMBERT obtained a cashier's check for $101,400 made payable to Global Guardian and delivered the check to defendant GLORIA BYARS. Defendant BYARS deposited into her Global Guardian account (ending 5251), the $101,400 check.

25.     Defendants GLORIA BYARS and CARLTON REMBERT used the money stolen from the wards for their own personal purposes and not for expenses related to the wards.

26.     Defendant GLORIA BYARS used the stolen ward money to pay for vacations, purchase vehicles, pay her vow renewal ceremony expenses, and pay for personal items she charged on her personal credit card.

27.     On or about each of the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, defendants

20

**GLORIA BYARS**
**and**
**CARLTON REMBERT**

for the purpose of executing the scheme described above, caused to be transmitted by means of

wire communication in interstate commerce the signals and sounds described below for each

count, each transmission constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 3 | 08/11/2016 | Electronic image transmitted by Citizens Bank resulting from the deposit of a $122,084 cashier's check drawn on the account of ward C.W.L.'s TD Bank account ending in 6503 into P.G.'s Citizens Bank account ending in 6852. |
| 4 | 11/03/2016 | Electronic image transmitted by Wells Fargo Bank resulting from the deposit of a $20,000 check drawn on defendant CARLTON REMBERT's Grace Home for Children Bayport Credit Union account ending in 0732 into defendant GLORIA BYARS's Global Guardian Wells Fargo Bank account ending in 9380. |
| 5 | 01/25/2017 | Electronic image transmitted by Wells Fargo Bank resulting from the deposit of a $167,000 check drawn on F.H.'s Citizens Bank account ending in 1831 into defendant GLORIA BYARS's Global Guardian Wells Fargo Bank account ending in 5251. |
| 6 | 08/15/2017 | Electronic image transmitted by Wells Fargo Bank resulting from the deposit of a $101,400 check drawn on defendant CARLTON REMBERT's Grace Home for Children Bayport Credit Union account ending in 0732 into defendant GLORIA BYARS's Global Guardian Wells Fargo Bank account ending in 5251. |
| 7 | 04/07/2017 | Electronic image transmitted by Wells Fargo Bank resulting from the deposit of a $400,000 check drawn on F.H.'s Citizens Bank account ending in 1831 into defendant GLORIA BYARS's Global Guardian Wells Fargo Bank account ending in 5251. |

All in violation of Title 18, United States Code, Section 1343.

21

## COUNT EIGHT
### (Money Laundering)

### THE GRAND JURY FURTHER CHARGES THAT:

1.    The allegations contained in Paragraphs 1 through 18, 20, 21, 23, 24, 30, 31, and 34 of Count One of this Indictment are re-alleged and incorporated as if fully set forth herein.

2.    In or about February 2018, defendant GLORIA BYARS requested P.T.G. to open a bank account at Bryn Mawr Trust for defendant BYARS to use.

3.    In or about February 2018, P.T.G. opened a checking account at Bryn Mawr Trust (ending in 2206) and provided the account information, debit cards, and starter checks for the account to defendant GLORIA BYARS.

4.    In or about February 2018, Carlton Rembert opened a bank account (ending in 9470) at SunTrust Bank in the name of Grace Home for Children.

5.    On or about February 12, 2018, defendant GLORIA BYARS obtained a $125,682.40 cashier's check from her Global Guardian Services Wells Fargo Account (ending in 5251) and made it payable to Grace Home for Children. Defendant BYARS delivered and caused to be delivered, the $125,682.40 cashier's check to Carlton Rembert.

6.    On or about February 13, 2018, Carlton Rembert deposited the $125,682.40 cashier's check he received from defendant GLORIA BYARS into his SunTrust account (ending in 9470).

7.    On or about February 15, 2018, Carlton Rembert withdrew $95,682.40 from his SunTrust account (ending in 9470) by obtaining a cashier's check for $95,682.40 made payable to P.T.G.

8.      Carlton Rembert delivered, and caused to be delivered, the $95,682.40 cashier's check to defendant GLORIA BYARS.

9.      On or about February 22, 2018, defendant GLORIA BYARS hand delivered the $95,682.40 cashier's check to P.T.G. and instructed P.T.G. to deposit the check into P.T.G.'s Bryn Mawr Trust account (ending in 2206).

10.     On or about February 22, 2018, P.T.G. deposited the $95,682.40 cashier's check into P.T.G.'s Bryn Mawr Trust account (ending in 2206), which defendant GLORIA BYARS controlled.

11.     On or about February 22, 2018, in the Eastern District of Pennsylvania, and elsewhere defendant

### GLORIA BYARS

with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, conducted and aided and abetted the conducting of, a financial transaction affecting interstate commerce involving the proceeds of a specified unlawful activity, that is, the deposit of a $95,682.40 cashier's check into Bryn Mawr Trust account ending in 2206, in violation of Title 18, United States Code, Section 1344, as charged in Count Two.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## NOTICE OF FORFEITURE (No. 1)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Sections 1344 and 1349, set forth in this indictment, defendants

**GLORIA BYARS,**
**CARLTON REMBERT,**
and
**ALESHA MITCHELL**

shall forfeit to the United States of America any property that, constitutes, or is derived from, proceeds obtained directly or indirectly, as a result of such violations, including, but not limited to, the sum of $1,231,174.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided
         without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

## NOTICE OF FORFEITURE (No. 2)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.    As a result of the violations of Title 18, United States Code, Section 1343, set

forth in this indictment, defendants

**GLORIA BYARS**
and
**CARLTON REMBERT**

shall forfeit to the United States of America any property, real or personal, that constitutes or is

derived from proceeds traceable to the commission of such violations, including, but not limited

to, the sum of $1,088,200 and:

2.    If any of the property subject to forfeiture, as a result of any act or omission of the

defendants:

       (a)    cannot be located upon the exercise of due diligence;

       (b)    has been transferred or sold to, or deposited with, a third party;

       (c)    has been placed beyond the jurisdiction of the Court;

       (d)    has been substantially diminished in value; or

       (e)    has been commingled with other property which cannot be divided
           without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

## NOTICE OF FORFEITURE (No. 3)

### THE GRAND JURY FURTHER CHARGES THAT:

1.     As a result of the violation of Title 18, United States Code, Section 1956, set forth in this indictment, defendant

### GLORIA BYARS

shall forfeit to the United States of America any property, real or personal, involved in such violation, and any property traceable to such property, including, but not limited to, the sum of $95,682.40.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

- (a)     cannot be located upon the exercise of due diligence;
- (b)     has been transferred or sold to, or deposited with, a third party;
- (c)     has been placed beyond the jurisdiction of the Court;
- (d)     has been substantially diminished in value; or
- (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

27

All pursuant to Title 18, United States Code, Section 982.

**A TRUE BILL:**

**GRAND JURY FOREPERSON**

_____ for

**JENNIFER ARBITTIER WILLIAMS**
**ACTING UNITED STATES ATTORNEY**

28

No.__ __ __ __ __ __ __

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

GLORIA BYARS
CARLTON REMBERT
ALESHA MITCHELL

INDICTMENT

Counts

18 U.S.C. § 1349 (conspiracy – 1 count)
18 U.S.C. § 1344 (bank fraud – 1 count)
18 U.S.C. § 1343 (wire fraud – 5 counts)
18 U.S.C. § 1956 (money laundering – 1 count)
18 U.S.C. § 2 (aiding and abetting)
Notices of forfeiture



Foreman

Filed _____ this _____

Of _____ A.D. 20 _____ day,

Clerk _____

Bail, $ _____